UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLO DARIUS BROWN,

        Plaintiff,

v.

CITY OF WARREN, et al.

        Defendants.
_____/

Case No. 2:25-cv-12415

Honorable Susan K. DeClercq
United States District Judge

Honorable Elizabeth A. Stafford
United States Magistrate Judge

**ORDER OVERRULING PLAINTIFF'S OBJECTION (ECF No. 19),
ADOPTING REPORT AND RECOMMENDATION (ECF No. 18),
AND DENYING PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT (ECF No. 11)**

This matter is presently before this Court on Plaintiff Marlo Darius Brown's objections to the Magistrate Judge's report recommending that this Court deny Brown's motion for default judgment because Brown had not first requested a clerk's entry of default. As explained below, Brown's objections will be overruled, Judge Stafford's report and recommendation (R&R) will be adopted, and Brown's motion for default judgment will be denied.

## I. BACKGROUND

On August 5, 2025, Plaintiff Marlo Darius Brown, proceeding *pro se*, filed this lawsuit against the City of Warren and two of its officers, C. Serafino and C. Louton. ECF No. 1. Brown's allegations concern the use of force during a police

encounter on May 15, 2025. *Id.* at PageID.2. The case was referred to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings. ECF No. 8.

On October 22, 2025, Brown filed a motion for default judgment against all Defendants. ECF No. 11. One week later, Defendants filed an answer to Brown's complaint. ECF No. 14.

On October 30, 2025, Judge Stafford issued a report recommending that this Court deny Brown's motion for default judgment because Brown had not first sought a clerk's entry of default, as required under Civil Rule 55. ECF No. 18. The next day, Brown filed three documents: (1) a request for clerk's entry of default against all Defendants, ECF No. 21; (2) a renewed motion for default judgment, ECF No. 20; and (3) objections to Judge Stafford's R&R recommending denial of Brown's first motion for default judgment, ECF No. 19.

In his objections, Brown argued that Defendants still had not responded to his complaint, he was entitled to default judgment, and that he had cured the procedural deficiency by filing a request for a clerk's entry of default the same day he filed his objection. ECF No. 19 at PageID.75; *see also* ECF No. 21 (requesting clerk's entry of default against Defendants).

## II. LEGAL STANDARD

When a party objects to a magistrate judge's report, the court must review de novo those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED.

R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017–18 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

### III. ANALYSIS

This Court has reviewed Brown's complaint, ECF No. 1; Brown's motion for default judgment, ECF No. 11; Judge Stafford's R&R, ECF No. 18; Brown's objections, ECF No. 19; and all other applicable filings and law.

Having conducted this *de novo* review, this Court finds that Judge Stafford's factual conclusions are correct, that she reasonably applied the correct law, and that her legal reasoning is sound. Indeed, the law is clear that a clerk's entry of default must be entered before a plaintiff may seek default judgment. *See Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012) (noting that a plaintiff seeking default judgment must first obtain a clerk's entry of default); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) ("entry of default is just the first procedural step on the road to obtaining a default judgment"). And here,

there was not a clerk's entry of default entered before Brown filed his first motion for default judgment.[1] *See* ECF Nos. 11; 18.

At bottom, Brown was not entitled to default judgment when he filed his motion, so Brown's objections ECF No. 19, will be overruled, Judge Stafford's R&R, ECF No. 18, will be adopted, and Brown's motion for default judgment, ECF No. 11, will be denied.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Brown's Objections, ECF No. 19, are **OVERRULED**.

Further, it is **ORDERED** that the Report and Recommendation, ECF No. 18, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 11, is **DENIED**.

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: December 9, 2025

---

[1] True, Brown subsequently requested a clerk's entry of default on October 31, 2025, *see* ECF No. 21, but no clerk's entry of default was ever entered, *see* ECF No. 22 (denying Brown's request for a clerk's entry of default), and even if it had been, all these events occurred *after* Brown sought default judgment.